IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Neil Adams McGinnis,<br><br>    Petitioner,<br><br>vs.<br><br>Wardon Slayer,<br><br>    Respondent. | **ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br><br>Case No. 1:21-cv-191 |

  Petitioner Neil Adams McGinnis ("McGinnis") is an inmate at the North Dakota State Penitentiary. He initiated the above-captioned action in October 2021 by filing an application to proceed in forma pauperis, which the court granted, a request for court-appointed counsel, which the court denied without prejudice, and a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. Nos. 2, 3, 8). He filed notice of his consent to the undersigned's exercise of jurisdiction on October 27, 2021. (Doc. No. 9).

**I. BACKGROUND**

  Although the habeas petition filed by McGinnis is very difficult to decipher, it appears that he is challenging a state court's orders revoking his probation in two separate state cases. On the first page of the petition, McGinnis cites State District Court Case Nos. 08-2016-CR-01827 and 08-2017-CR-00721 as well as to North Dakota Supreme Docket Nos. 20210217 and 20210216, which are appeals from orders issued in the aforementioned state cases. Next, he respectively lists July 12, 2021, and July 5, 2017, as date of the judgment of conviction he is challenging and the date of his sentencing. Finally, he references a hearing before the state district court on July 21, 2021. On the third page of the petition, he indicates that he directly appealed the judgments of conviction he is challenging in the instant petition and that his appeals are still pending before the North Dakota

1

Supreme Court. On pages four and five of the petition, he references, among other things, civil rights litigation that he had previously initiated in this court. On pages six and eight he sets forth his grounds for habeas relief as follows:

> GROUND ONE: Violation of 6th Amendment Rights; ND Const Art Sec 12 Rights Ineffective Assistance of Counsel
>
> I spoke with and gone through their offices while in Bismarck and spoke to the lawyers in person about the exculpatory evidence. I knew their colleagues-coworkers or Burleigh County Prosecutors Office had before we went to court–be it zoom hearings or whatever you call them. On July 9, 2021, Judge James Hill sentences me to probation. On July 12, 2021, he refuses to himself to apply that same intelligent reasonable decision of the exculpatory evidence he knew existed. Attorney William Thomsason [illegible] me all he wants. I got on the Courthouse steps and begged him not to allow this hearing as I suspected. I had instructed Attorney William Thomason w/ numerous phone calls from my apartment that the procedural errors in Tyler Henery's filed allegations were to be challenged (if not amended, dismissed off that allegation) - Tyler Henery filings of revocation for probation upon different times and dates - of 4 probation sentences - was questioned by Stark County Judge - Attorney William Thomason had to know Tyler Henery's misconduct was improper and should have been brought to courts attention . . he refused I brought this to the his attention as well as other judicial [illegible].
>
> * * *
>
> GROUND TWO: 14th Amendment USC ND Const Artl 1 Sec 12 violation
>
> The file that North Dakota Department of Corrections and Rehabilitation has is also the file Tyler Henery and Burleigh County North Dakota Prosecutor office and North Dakota Attorney General held on that the system that networks with North Dakota once we all know link w/ Federal authorities. My 8 RR Bonds my turning myself over to authorities. My constent responsibilities or calling probation office, Attorney who was appointed. For over a hear they could have revoked my bond at anytime. My personality data - is Exculpatory! Without [illegible] effective assistance of counsel. I most certainly no competition, match to compel any attorney whose prosecuting to turn over Brady material well all know only a Judge can or an attorney rendering effective assistance of counsel.

(Doc. No. 3) (errors in original).

On October 25, 2021, McGinnis filed a supplement to his habeas petition. (Doc. No. 10).

2

Therein he appears to be asserting counsel appointed to represent him in his pending state matters has been uncommunicative and that arguments/hearings in these matters have yet to be scheduled. (Id.). He requests, among other things, leave to amend his habeas petition to name additional respondents and the assistance of court-appointed counsel. (Doc. No. 10).

## II.     DISCUSSION

This court may take judicial notice of the Registers of Actions and Docket Nos. in the cases cited by McGinnis as they are relevant and necessary in determining exactly what McGinnis is challenging and whether he can proceed with the above-captioned action. See Jacob v. Cotton, No. 4:20CV3107, 2021 WL 130953, at *1 (D. Neb. Jan. 14, 2021) (citing Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005), Conforti v. United States, 74 F.3d 838, 840 (8th Cir. 1996), and United States v. Jackson, 640 F.2d 614, 617 (8th Cir. 1981), for the proposition that a court can sua sponte take judicial notice of its own records and files, facts which are part of its public records and proceedings in other courts if they relate directly to the matters at issue). These Registers of Actions and Docket Nos. reflect that the state district court issued orders revoking McGinnis' probation in State District Court Case Nos. 08-2016-CR-01827 and 08-2017-CR-00721, that McGinnis has directly appealed the state district court's decisions to revoke his probation, and that these direct appeals, Supreme Court Docket Nos. 20210217 and 20210216, are currently pending.[1]

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the Court determines that the petitioner is not

---

[1] The Registers of Actions for the cases cited by McGinnis are publicly available on the North Dakota Supreme Court's website. Copies of them have been attached as an exhibit to this court's order.

entitled to relief, the court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 85 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); see also Lonchar v. Thomas, 517 U.S. 314, 320 (1996); See 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

Under § 2254, a conviction is deemed final "upon conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2254(d)(1)(A); see also United States v. Plascencia, 537 F3d. 385, 389 (5th Cir. 2008) ("For purposes of § 2254 proceedings, a state prisoner's conviction becomes final generally upon the expiration of direct review or the time for seeking direct review. When a state prisoner has appealed his conviction to the state court of last resort, the conclusion of the direct review process includes the 90-day period for seeking certiorari in the Supreme Court. If the prisoner stops the appeal process before that point, however, the conviction becomes final when the time for seeking further review in the state court expires." (footnotes omitted)); cf. Reynolds v. Martinez, 351 Fed. App'x 585, 2009 WL 3182918, at *1 (3d. Cir. 2009) ( finding a petitioner's § 2241 premature given that he was in the process of challenging the legality of his detention via direct appeal).

As McGinnis' direct appeals of the orders revoking his probation are currently pending, his "convictions" are not final and this matter does not appear to be ripe for purposes of § 2254.

Moreover, it is clear that McGinnis has not exhausted his state court remedies prior to filing his § 2254 petition with this court. See Allen v. Zavars, 568 F.3d 1197, 1202 (10th Cir. 2009)

(affirming the district court's sua sponte dismissal of habeas petition when it was clear from the face of the petition that the petitioner had failed to exhaust his state remedies); see also McNeil v. Nebraska, No. 4:18CV3041, 2018 WL 10228438, at *2 (D. Neb. Aug. 28, 2018) ("Since [the petitioner] did not exhaust his available state court remedies before filing this federal habeas action, his petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this court."). A petitioner seeking a writ of habeas corpus under § 2254 must first exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A); Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005); Rose v. Lundy, 455 U.S. 509, 515 (1982). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). As noted above, McGinnis filed his direct appeals of the orders revoking his probation which are still pending before the North Dakota Supreme Court. Thus, the North Dakota Supreme Court has yet to rule on the substance of his claims.

      Here, there is nothing so exceptional about McGinnis' case that he should be permitted to bypass the state process. See Lamar v. Zavaras, 430 Fed. App'x 718, 2011 WL 2835860, at *2 (10th Cir. July 19, 2011) (holding that a § 2254 petition was properly dismissed without prejudice for failure to exhaust state remedies when petitioner's direct appeal was still pending in state court at the time he sought habeas relief); Slater v. Chatman, 147 Fed. App'x 959, 960 (11th Cir. 2005) (opining that the federal district court properly dismissed a § 2254 petition challenging the revocation of petitioner's state probation when the direct appeal of the revocation was still pending in the state's appellate court); cf. United States v. Bankole, 238 F.3d 415 (4th Cir. 2000) ("A § 2255 motion generally will not be heard where a direct appeal is pending, except in exceptional

circumstances."). The orders he is challenging are presently on direct appeal. Thus, dismissing this federal petition for habeas relief will not prejudice McGinnis's ability to timely pursue his remedies in state court and, upon exhaustion of his available remedies, file a timely petition for federal habeas review as appropriate. Consequently, McGinnis' petition is subject to dismissal without prejudice.

### III.     CONCLUSION

McGinnis filed his habeas petition with this court prematurely. In his petition he appears to be challenging the validity of orders issued by the state district court revoking his probation in two separate cases. His direct appeals of the these orders are currently pending before the North Dakota Supreme Court. Consequently, this matter does not appear to be final for purposes of § 2254 and he has yet to exhaust his available state remedies. This matter is therefore **DISMISSED WITHOUT PREJUDICE**.

Based upon the entire record before the court, the dismissal of this mater is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Consequently no certificate of appealability shall be issued. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under Section 2253(c)).

**IT IS SO ORDERED.**

Dated this 3rd day of November, 2021.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court